UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                    Case No. 07-20531
                                            Honorable Thomas L. Ludington

v.

STANLEY THOMAS BRAZIL, JR.,

                Defendant.

_____/

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

      Defendant Stanley Brazil was convicted of two counts of distributing and aiding and abetting in the distribution of fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) and 18 U.S.C. § 2 on September 23, 2008. He was sentenced on March 11, 2009 to 380 months imprisonment. Defendant appealed his sentence on April 23, 2009 [Dkt. #231] and on August 30, 2010, the United States Court of Appeals for the Sixth Circuit affirmed his conviction and sentence [Dkt. #257]. On November 1, 2010, Defendant filed a motion to vacate his sentence pursuant to the Fair Sentencing Act of 2010 ("the FSA"), contending that the FSA applies retroactively and that the proper penalty provision for Defendant's sentencing was that in place at the time Defendant committed the crimes in question. Now before the Court is Defendant's motion for reconsideration [Dkt. #266] of the Court's December 14, 2010 order. The motion does not "demonstrate a palpable defect by which the court and the parties [were] misled" and consequently must be **DENIED**. E.D. Mich. L.R. 7.1(g).

      "[T]he court will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court . . .. The movant must not only demonstrate a palpable defect by which the court and the parties or other persons entitled to be heard have been misled but also show

that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h).

A defect is"palpable" if it obviously misstates material facts or commits a "clear error of law." *See*

*Hayes v. Norfolk Southern Corp.*, 25 F. App'x 308, 315 (6th Cir. Dec. 18, 2001) (explaining the

justifications for amending a judgment pursuant to Rule 59(e)).

Defendant argues in his motion for reconsideration that the Court made a clear error of law

in denying his motion for modification of sentence under the FSA because his case was still pending

on appeal. He also argues that under *Griffith v. Kentucky*, 93 L. Ed. 2d 649 (1987), a new rule for

the conduct of criminal prosecution is to be applied retroactively to all cases which are then pending

on direct review or not yet final at the time the new rule was announced unless the new rule

explicitly overrules the prior rule. Defendant contends that his case is not final until a "judgment of

conviction has been rendered, the availability of appeals exhausted, and the time for a petition for

certiorari elapsed or a petition for certiorari finally denied." Finally, Defendant confusingly asserts

that the decision in *United States v. Carradine*, 621 F.3d 575, 580 (6 th Cir. 2010) is inapplicable

because the defendant in that case filed for reduction before the FSA was amended and that "in this

case the Act was Amended after the law was passed," resulting in this case representing a new law

pending before the case is final.

As noted in the Court's prior order, in *Carradine* the Sixth Circuit held that the general

savings statute applies to the Fair Sentencing Act because there is "no express statement that it is

retroactive."   621 F.3d at 580. Furthermore, the Sixth Circuit was clear regarding the Act's

applicability when it stated that a court in this circuit "must apply the penalty provision in place at

the time [a defendant] committed the crime in question." *Id.* That Defendant's conviction and

sentence were confirmed by the Sixth Circuit after the FSA was signed into law is inapposite

because the Court is bound by Sixth Circuit precedent requiring application of the guidelines in

place at the time the offense occurred, which was well before the FSA was signed into law.

Accordingly, the motion for reconsideration [Dkt. 266] is **DENIED WITH PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 4, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on February 4, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS