UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STANLEY T. BRAZIL, JR.,

      Petitioner,                                   Case No. 07-20531
                                                           Honorable Thomas L. Ludington

v.

UNITED STATES OF AMERICA,

      Respondent.
_____/

**ORDER STRIKING MOTION AND BARRING FURTHER FILINGS**

On October 1, 2013, the Court set an evidentiary hearing on two issues related to Stanley Brazil's motion to vacate his sentence under 28 U.S.C. § 2255. *See* Oct. 1, 2013 Op. & Order, ECF No. 333. As a part of that opinion, the Court admonished Brazil for filing pro se motions while he is represented by retained counsel. *See id.* at 3–4. Nevertheless, in the interests of justice, the Court considered the pro se claims Brazil raised on their merits.

It seems that Brazil believes this was an indication he may continue to file pro se motions while he is aptly represented by counsel. Despite the fact that his counsel filed a supplemental brief (pursuant to this Court's direction) on October 25, 2013, on the same day Brazil filed a pro se motion concerning other issues on which the Court denied relief. *See* Pet'r's Mot., ECF No. 336.

To be clear, Brazil may not file pro se papers while he is represented. The Sixth Circuit has established that it is not appropriate to address pro se arguments raised by an individual who is also represented by counsel. *United States v. Williams*, 641 F.3d 758, 770 (6th Cir. 2011); *see also United States v. Martinez*, 588 F.3d 301, 328 (6th Cir. 2009) ("Martinez raises a number of additional pro se claims, but we decline to address them because he is represented by counsel.");

*United States v. Howton*, 260 F. App'x 813, 819 (6th Cir. 2008) ("Howton raises a number of arguments in his pro se brief. We decline to address these arguments because Howton was represented by counsel in this matter."). As noted in *Moore v. Haviland*, 531 F.3d 393, 401–02 (6th Cir. 2008), the right to counsel and the right to self-representation "are mutually exclusive, and invocation of one is necessarily intertwined with waiver of the other." Such "hybrid representation" has the effect of complicating and prolonging legal proceedings to the "detriment . . . of the judicial system because there is a queue waiting for attention." *United States v. Oreye*, 263 F.3d 669, 673 (7th Cir. 2001).

If Brazil wishes to file his own papers, he must discharge counsel, forfeit the arguments and papers counsel has filed on his behalf, and truly go it alone. Otherwise, he will be foreclosed from filing any additional papers. Moreover, the pro se motion he has filed will be stricken.

Accordingly, it is **ORDERED** that Brazil's pro se motion, ECF No. 336, is **STRICKEN**.

It is further **ORDERED** that Brazil is **FORECLOSED** from filing any additional pro se papers while he is represented by retained counsel.

Dated: October 30, 2013                             s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Stanley Thomas Brazil, Jr. #41864039 at Beaumont U.S. Penitentiary, Inmate Mail/Parcels, P. O. Box 26030, Beaumont, TX 77720 by first class U.S. mail on October 30, 2013.
                    s/Tracy A. Jacobs
                    TRACY A. JACOBS