UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                        Case No. 07-20531-01
                                                           Honorable Thomas L. Ludington

v.

D-1, STANLEY BRAZIL, JR.,

    Defendant.
_____/

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

On October 25, 2007, an indictment was returned against Defendant Stanley Thomas Brazil followed by a superseding indictment on November 14, 2007. ECF Nos. 3, 41.[1] The superseding indictment charged him with two counts of distribution of 50 grams or more of cocaine base. On February 5, 2008, the Government filed a Penalty Enhancement Information pursuant to 21 U.S.C. § 851. ECF No. 73.

On September 23, 2008, a jury found Defendant guilty of both counts of distribution of 50 grams or more of cocaine base. ECF No. 173. The Court subsequently held a sentencing hearing where it determined that Defendant was responsible for 20.1 kilograms of powder cocaine and 12.2 kilograms of cocaine base. ECF No. 257. Defendant's base offense level was 38 with a two-point enhancement due to his leadership role in the offense, bringing his total offense level to 40. His criminal history category was III. Accordingly, his sentencing guideline range was 360 months to life imprisonment. On April 22, 2009, Defendant was sentenced to 380

---

[1] The original indictment charged Defendant with one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base. ECF No. 3. The Government later filed a motion to dismiss the conspiracy charge against Defendant in order to "narrow the issues presented at trial and to conserve judicial resources." ECF No. 175 at PageID.631. The motion was subsequently granted. *Id.*

months in custody on each count (to be served concurrently) to be followed by ten years of supervised release. ECF No. 230 at PageID.982-983.

On August 11, 2017, Defendant's sentence was reduced to 292 months incarceration pursuant to § 3582(c)(2) and Sentencing Guidelines Amendment 750. ECF Nos. 416, 426.

On January 17, 2019, Defendant filed a motion for a sentence reduction pursuant to the First Step Act of 2018 ("1SA") and later filed five briefs supplementing his motion. ECF Nos. 434, 437, 438, 457, 458, 461. On April 16, 2019, Joan Morgan filed an appearance for Defendant Brazil and the next month, filed a supplemental brief supporting Defendant's first motion. ECF Nos. 440, 449. The Government later filed its response. ECF No. 453.

For the following reasons, Defendant's custodial sentence will be reduced from 292 months to 262 months and his term of supervised release will be reduced from 10 years to 8 years.

## I.

### A.

The Anti-Drug Abuse Act of 1986 established significant penalties for the possession and distribution of crack cocaine. The disparity between the penalties for distributing crack cocaine and powder cocaine was significant: 100-to-1. As the Supreme Court observed, the Act "imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one-hundredth that amount of crack cocaine." *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012).

On August 3, 2010, Congress enacted the Fair Sentencing Act. Pub. L. No. 111–220, 124 Stat. 2372. Among other things, it reduced the statutory minimum sentences for crack cocaine offenses by increasing the quantity of crack cocaine necessary to trigger the statutory

minimums—raising the amount from 5 grams to 28 grams for the 5-year minimum sentence, and from 50 grams to 280 grams for the 10-year minimum sentence. *See* Fair Sentencing Act § (2)(a). It also directed the Sentencing Commission to conform the sentencing guidelines to the new statutory minimums. *Id.* § (8)(1). The Sentencing Commission then promulgated amendments to the guidelines, reducing the recommended sentencing ranges to levels consistent with the Fair Sentencing Act. *See* U.S. Sentencing Guidelines Manual App. C Amends. 750, 759 (2011).

**B.**

On December 21, 2018, Congress passed the First Step Act of 2018 ("1SA"). P.L. 115-391. The law permitted the retroactive application of the Fair Sentencing Act and the associated guideline ranges. Section 404 of the 1SA provides.

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

P.L. 115-391, Section 404.

18 U.S.C. § 3582 governs the reduction of a criminal sentence and provides that a "court may not modify a term of imprisonment once it has been imposed" except pursuant to specific exceptions. One of these exceptions is contained within 18 U.S.C. § 3582(c)(1)(B) which provides:

> The court may not modify a term of imprisonment once it has been imposed except that--the court may modify an imposed term of imprisonment to the extent otherwise *expressly permitted by statute* or by Rule 35 of the Federal Rules of Criminal Procedure.

18 U.S.C. §3582(c)(1)(B) (emphasis added).

Section 3582(c)(1)(B) is the proper vehicle for implementing the 1SA. As directed in §3582(c)(1)(B), the 1SA "expressly permit[s]" the modification of a term of imprisonment. Moreover, many district courts have concluded that 18 U.S.C. §3582(c)(1)(B) is the proper method to implement the 1SA. *See, e.g., United States v. Boulding*, 2019 WL 2135494, at *6 (W.D. Mich. May 16, 2019) ("The Court's authority to impose a modified sentence under the FSA is rooted in 18 U.S.C. §3582(c)(1)(B)."); *United States v. Potts*, 2019 WL 1059837, at *3 (S.D. Fl. Mar. 6, 2019) ("§3582(c) provides the procedural vehicle whereby this Court may modify Defendant's sentence."); *United States v. Delaney*, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019) ("Modifications of sentences under the FSA are governed by 18 U.S.C. §3582(c)(1)(B)…"); *United States v. Kamber*, 2019 WL 399935, at *2 (S.D. Ill. Jan. 31, 2019) (determining that the FSA "can serve as a basis for relief under §3582(c)(1)(B)").

When modifying a sentence under the 1SA, the factors set forth in 18 U.S.C. §3553(a) will be considered. However, the 1SA differs from sentencing proceedings on appellate remand because the text of the 1SA provides for a reduced sentence, not a new sentence. Though the 1SA does not reference §3553(a), considering the §3553(a) factors is consistent with the law surrounding sentence reductions in other contexts. For example, the Supreme Court in *Pepper*

held that post-conviction behavior could be considered in the context of the §3553(a) factors when a defendant received a new sentence following an appeal. *Pepper v. U.S.* 562 U.S. 476 (2011). It explained that

> This Court has long recognized that sentencing judges "exercise a wide discretion" in the types of evidence they may consider when imposing sentence and that "[h]ighly relevant—if not essential—to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." Congress codified this principle at 18 U.S.C. §3661, which provides that "[n]o limitation shall be placed on the information" a sentencing court may consider "concerning the [defendant's] background, character, and conduct," and at §3553(a), which sets forth certain factors that sentencing courts must consider, including "the history and characteristics of the defendant," §3553(a)(1).

*Id.* at 480 (quoting *Williams v. New York,* 337 U.S. 241, 246–247 (1949)). Considering additional information in the context of reviewing the §3553(a) criteria is consistent with the overall discretion granted to courts by the 1SA in reducing sentences.

Moreover, other courts have determined that considering the §3553(a) factors to be appropriate when ruling upon a FSA sentence reduction. *See e.g. United States v. Boulding*, 2019 WL 2135494, at *6 (W.D. Mich. May 16, 2019); *United States v. Delaney*, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019). Furthermore, the United States Sentencing Commission has explained that the FSA "made no changes to 18 U.S.C. 3553(a), so the courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing." First Step Act, United States Sentencing Commission, Office of Education and Sentencing Practice, 8 (Feb. 2019) , https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf. Accordingly, the Court will consider the factors presented in 18 U.S.C. §3553(a) when determining whether to reduce a petitioner's sentence under the 1SA.

## II.

In reviewing motions brought pursuant to the 1SA, two questions must be asked. First, an

initial determination must be made about whether the petitioner is eligible for a sentence reduction. In order to be eligible, the petitioner must have been sentenced prior to August 3, 2010 (the date of the enactment of the Fair Sentencing Act) for a "covered offense" as defined in the 1SA. The petitioner's circumstance must also not implicate one of the 1SA's limitations found in Section 404(c). This initial step is categorical and focused solely on the petitioner's offense of conviction. If the petitioner meets this criteria, the Court moves to the second question. The petitioner's initial guideline range must be compared to the petitioner's new guideline range as modified by the Fair Sentencing Act. The §3553 factors must be reviewed as well as any other relevant information to determine whether the petitioner should receive a sentencing reduction.

Defendant satisfies the initial eligibility test because he was sentenced in 2009 for a "covered offense" under the 1SA, specifically two counts of distribution of 50 grams or more of cocaine base. Under the second step of the test, the Court must consider whether he is entitled to a sentence reduction.

## III.

Defendant has four prior criminal convictions beginning at age 17, including one count of possession of cocaine. Defendant is now 43 years old. He has three children ages 24, 21, and 18. He was in arrears $542.06 on child support as of his date of sentence. At the time of his arrest, Defendant tested positive for cocaine, opiates, and marijuana. His highest reported education is a high school diploma. He has never held formal employment.

Defendant's case presents two issues. First whether Section 401 of the 1SA applies retroactively to reduce penalty enhancements. Second, whether for sentencing purposes, Defendant is responsible for only the quantity determined by the jury at trial rather than the

quantity determined by the Court at sentencing. Each matter will be addressed in turn.

**A.**

In 1998, Defendant was convicted in state court of possession of less than 25 grams of cocaine. He was sentenced to two years of probation and $690.00 in fines and fees. In the current case, the Government filed a Penalty Enhancement Information pursuant to 21 U.S.C. § 851, which provides:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851.

The Government filed its Penalty Enhancement Information on February 5, 2008, seven months before the commencement of Defendant's trial. It provided:

> The United States of America hereby gives notice that Stanley Thomas Brazil, Jr., defendant herein, was convicted of felony drug offense(s) in the 10th Judicial Circuit, Saginaw County, Michigan for Possession of Less Than 25 grams of Cocaine (Case No. 98-015042-FH-1). Therefore, upon conviction for the drug charge(s) in this case, the defendant will be subject to enhanced penalty provisions in the federal criminal code.

ECF No. 73. It was accompanied by a certificate of service.

At the time of Defendant's original sentencing, his state court conviction qualified as a "felony drug offense." 21 U.S.C. § 802 defined a felony drug offense as:

> [A]n offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances.

21 U.S.C. § 802(44) (2009). Because the state court conviction qualified as a felony drug offense, Defendant's statutory term of imprisonment was a minimum of 20 years. ECF No. 245.

However, if Defendant were to be sentenced today, his prior drug conviction would not qualify as an enhancement. Pursuant to the 1SA, a "felony drug offense" is no longer a predicate for enhancement under 21 U.S.C. § 841(b)(1)(B). Instead, only a "serious drug felony" or "serious violent felony" may serve as enhancements under § 841(b)(1)(B). The 1SA defines a "serious drug felony" as:

> [A]n offense described in section 924(e)(2) of Title 18 for which--
>
> > (A) the offender served a term of imprisonment of more than 12 months; and
>
> > (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense.

21 U.S.C. § 802(57). Defendant's prior state court sentence was only a term of probation, not "a term of imprisonment of more than 12 months." 21 U.S.C. § 802(57). Accordingly, he would not receive the enhancement under § 841(b)(1)(B) because the prior conviction did not qualify as a serious drug offense.

Regardless, Defendant is not entitled to a sentence reduction on this basis because the applicable section of the 1SA, Section 401, is not retroactive. It provides:

> This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

P.L. 115-391, Section 401. The 1SA was enacted after Defendant committed his offense and after his sentence was imposed. Accordingly, the 1SA's new definition for "serious drug felony" does not apply retroactively to Defendant.

Declining to grant this provision retroactively is rational when viewed in the context of other provisions of the 1SA. For example, Section 404 of the 1SA specifically addresses the retroactivity of Section 404 by explaining that a court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense

was committed." *Id.* (citation omitted). By granting retroactivity to Section 404, but declining to do so to the same extent to Section 401, indicates that Congress's election to not include a broader retroactive provision in Section 401 was intentional and not accidental.

Such a view is also shared by other courts, including the Sixth Circuit, which held that "the First Step Act is largely forward-looking and not retroactive, applying only where 'a sentence for the offense has not been imposed as of [the] date of enactment.'" *U.S. v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019) (quoting First Step Act of 2018, Pub. L. No. 115-391, §401(c), 132 Stat. 5194, 5221 (2018)). *See also U.S. v. Wilson* 2019 WL 4547061, at *1 (E.D. Mich. Sep. 19, 2019) ("§ 401 of the First Step Act…is not retroactive."); *U.S. v. Norman*, 2019 WL 3296830, at *5 n.7 (W.D. Mich. July 23, 2019) ("The most natural reading of Section 401 of the First Step Act…is that it is not retroactive."); *U.S. v. Travis C. Davis*, 2020 WL 355895, at *2 (W.D. La. Jan. 17, 2020) ("[T]he provision of the First Step Act modifying the requirements triggering an enhanced penalty do not appear to apply retroactively."); *Davis v. U.S.* 2019 WL 7282499, at *8 (D. Me. Dec. 27, 2019) ("Congress did not make Section 401 apply retroactively, so it does not apply to defendants like Petitioner, who were sentenced before December 21, 2018.").

**B.**

Defendant argues that under the 1SA, he is responsible only for the quantity determined by the jury at trial rather than the quantity determined by the Court at his initial sentencing. At the time of Defendant's initial sentencing, the United States Probation Office prepared a Presentencing Investigation Report. It recommended that Defendant be found responsible for a total of 14.201 kilograms of powder cocaine and 13.312 kilograms of cocaine base. Defendant filed a memorandum challenging the quantities presented in the Presentencing Investigation

Report, arguing that he should only be held responsible for the 128.12 grams that the jury convicted him of. The Government recommended holding Defendant responsible for a total of 14.201 kilograms of powder cocaine and 13.312 kilograms of cocaine base. The Court ultimately determined that Defendant was responsible for 20.1 kilograms of powder cocaine and 12.2 kilograms of crack cocaine and sentenced him to 360 months.

Defendant appealed his sentence to the Sixth Circuit, claiming that the Court's finding of 20.1 kilograms of powder cocaine and 12.2 kilograms of crack cocaine violated his Sixth Amendment rights because the jury only convicted him for two counts of 50 grams of cocaine base. The Sixth Circuit affirmed the Court's sentencing. Its opinion provides:

> Brazil argues first that the district court at sentencing violated his Sixth Amendment right to a jury trial as recognized in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Instead of holding Brazil responsible only for the 128.12 grams involved in the transactions for which he was convicted, the court, in considering what "relevant conduct" to take into account and after hearing additional testimony from Bowden, ultimately held Brazil accountable for trafficking in 12.2 kilograms of crack cocaine and 20.1 kilograms of powder cocaine. Brazil maintains that the court was in effect circumventing the basic requirement that "facts that must be found in order for a sentence to be lawful . . . must be found by the jury beyond a reasonable doubt in order to give intelligible content to the right of jury trial." *See Rita v. United States*, 551 U.S. 338, 373 (2007) (Scalia, J. concurring).
>
> Brazil's argument is premised upon a misunderstanding of *Apprendi*. According to the *Apprendi* Court, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490 (emphasis added). As the Supreme Court observed in 2007, moreover, the Sixth Amendment is not violated so long as judicial fact-finding did not result in a sentence greater than the maximum established by plea or verdict. *Rita*, 551 U.S. at 352 ("The Sixth Amendment question . . . is whether the law forbids a judge to increase a defendant's sentence unless the judge finds facts that the jury did not find (and the offender did not concede).").
>
> The jury found Brazil guilty of two counts of trafficking in more than 50 grams of cocaine base; the statutory maximum for either count is life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(iii). The court's fact-finding (which supported concurrent 380-month sentences) thus did not increase Brazil's penalty beyond the statutory

- 10 -

maximum, *see Apprendi*, 530 U.S. at 490, and so the court did not violate Brazil's Sixth Amendment right to a jury trial.

ECF No. 257.

Defendant makes a similar argument here, again quoting *Aprendi*. He reasons that his guideline range should be determined based on the 128.12 grams of cocaine base that the jury convicted him of. The Sixth Circuit has expressly rejected this argument. The 1SA has not changed the nature of the question because the 1SA does not eliminate the Court's authority to determine quantity when deciding a sentence.

## IV.

Pursuant to Section 3553(a)(3), a Court must consider the statutory minimum and maximum penalties in reaching a sentencing decision. *See United States v. McCloud*, 730 F.3d 600, 610 (6th Cir. 2013) (explaining that consideration of "the kinds of sentences available" under 3553(a)(3) "necessarily includes the statutory minimum and maximum ranges."). Thus, the Court was required to consider the statutory minimum when imposing the initial sentence. That minimum has now changed. At the time of Defendant's original sentencing, the mandatory minimum sentence for his offense was 20 years to life. However, under the Fair Sentencing Act, his mandatory minimum sentence is now 10 years to life.

Due to Defendant's decreased mandatory minimum sentence, the Court concludes that a reduction is warranted. Defendant's term of imprisonment will be reduced from 292 months to 262 months, and his term of supervised release will be reduced from 10 years to 8 years.

## V.

Accordingly, it is **ORDERED** that Defendant's motion for a reduced sentence, ECF No. 434, and his supplemental motions, ECF Nos. 437, 438, 457, 458, 461, are **GRANTED** in part.

It is further **ORDERED** that Defendant's sentence is reduced from 292 months to 262 months.

It is further **ORDERED** that Defendant's term of supervised release is reduced from 10 years to 8 years.

The Court will enter a form order entitled "Order Regarding Motion for Sentence Reduction Under the First Step Act of 2018" consistent with this order.

Dated: January 31, 2020               s/Thomas L. Ludington
                                      THOMAS L. LUDINGTON
                                      United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Stanley Thomas Brazil, Jr** #41864-039, PEKIN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 5000, PEKIN, IL 61555 by first class U.S. mail on January 31, 2020.

                    s/Kelly Winslow
                    KELLY WINSLOW, Case Manager