UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                  Case No. 07-20531-01
                                            Honorable Thomas L. Ludington

v.

D-1, STANLEY BRAZIL, JR.,

    Defendant.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

On October 25, 2007, an indictment was returned against Defendant Stanley Thomas Brazil followed by a superseding indictment on November 14, 2007. ECF Nos. 3, 41. The superseding indictment charged him with two counts of distribution of 50 grams or more of cocaine base. On September 23, 2008, a jury found Defendant guilty of both counts of distribution of 50 grams or more of cocaine base. ECF No. 173. On April 22, 2009, Defendant was sentenced to 380 months in custody on each count (to be served concurrently) to be followed by ten years of supervised release. ECF No. 230 at PageID.982-983.

On August 11, 2017, Defendant's sentence was reduced to 292 months incarceration pursuant to § 3582(c)(2) and Sentencing Guidelines Amendment 750. ECF Nos. 416, 426.

On January 17, 2019, Defendant filed a motion for a sentence reduction pursuant to the First Step Act of 2018 ("1SA") and later filed five briefs supplementing his motion. ECF Nos. 434, 437, 438, 457, 458, 461. On April 16, 2019, Joan Morgan filed an appearance on behalf of Defendant Brazil and the next month, filed a supplemental brief supporting Defendant's first motion. ECF Nos. 440, 449. On January 3, 2020, Attorney Andrew N. Wise filed an appearance

on behalf of Defendant. ECF No. 262.

Pursuant to the First Step Act, the Court reduced Defendant's custodial sentence from 292 months to 262 months and his term of supervised release from 10 years to 8 years.

Following the Court's order, Defendant filed a motion for reconsideration, arguing that the Court only granted him "a scant 30-month reduction." ECF No. 467 at PageID.3507. For the following reasons, the motion will be denied.

## I.

Under Local Rule 7.1(h), a party seeking reconsideration must show: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3); *see also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

## II.

### A.

Defendant first contends that when considering his motion for a reduced sentence, the Court should have only held him responsible for the quantity of cocaine base determined by the jury, not the quantity determined by the Court at his initial sentencing.

The Court addressed this argument in its previous opinion, which provides:

> Defendant argues that under the 1SA, he is responsible only for the quantity determined by the jury at trial rather than the quantity determined by the Court at

his initial sentencing. At the time of Defendant's initial sentencing, the United States Probation Office prepared a Presentencing Investigation Report. It recommended that Defendant be found responsible for a total of 14.201 kilograms of powder cocaine and 13.312 kilograms of cocaine base. Defendant filed a memorandum challenging the quantities presented in the Presentencing Investigation Report, arguing that he should only be held responsible for the 128.12 grams that the jury convicted him of. The Government recommended holding Defendant responsible for a total of 14.201 kilograms of powder cocaine and 13.312 kilograms of cocaine base. The Court ultimately determined that Defendant was responsible for 20.1 kilograms of powder cocaine and 12.2 kilograms of crack cocaine and sentenced him to 360 months.

Defendant appealed his sentence to the Sixth Circuit, claiming that the Court's finding of 20.1 kilograms of powder cocaine and 12.2 kilograms of crack cocaine violated his Sixth Amendment rights because the jury only convicted him for two counts of 50 grams of cocaine base. The Sixth Circuit affirmed the Court's sentencing. Its opinion provides:

> Brazil argues first that the district court at sentencing violated his Sixth Amendment right to a jury trial as recognized in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Instead of holding Brazil responsible only for the 128.12 grams involved in the transactions for which he was convicted, the court, in considering what "relevant conduct" to take into account and after hearing additional testimony from Bowden, ultimately held Brazil accountable for trafficking in 12.2 kilograms of crack cocaine and 20.1 kilograms of powder cocaine. Brazil maintains that the court was in effect circumventing the basic requirement that "facts that must be found in order for a sentence to be lawful . . . must be found by the jury beyond a reasonable doubt in order to give intelligible content to the right of jury trial." *See Rita v. United States*, 551 U.S. 338, 373 (2007) (Scalia, J. concurring).
>
> Brazil's argument is premised upon a misunderstanding of *Apprendi*. According to the *Apprendi* Court, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490 (emphasis added). As the Supreme Court observed in 2007, moreover, the Sixth Amendment is not violated so long as judicial fact-finding did not result in a sentence greater than the maximum established by plea or verdict. *Rita*, 551 U.S. at 352 ("The Sixth Amendment question . . . is whether the law forbids a judge to increase a defendant's sentence unless the judge finds facts that the jury did not find (and the offender did not concede).").

- 3 -

> The jury found Brazil guilty of two counts of trafficking in more than 50 grams of cocaine base; the statutory maximum for either count is life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(iii). The court's fact-finding (which supported concurrent 380-month sentences) thus did not increase Brazil's penalty beyond the statutory maximum, *see Apprendi*, 530 U.S. at 490, and so the court did not violate Brazil's Sixth Amendment right to a jury trial.

Defendant makes a similar argument here, again quoting *Aprendi*. He reasons that his guideline range should be determined based on the 128.12 grams of cocaine base that the jury convicted him of. The Sixth Circuit has expressly rejected this argument. The 1SA has not changed the nature of the question because the 1SA does not eliminate the Court's authority to determine quantity when deciding a sentence.

ECF No. 463 at PageID.3500-3502.

Defendant has raised this quantity argument four times before two different courts. A motion for reconsideration will not be granted when the movant presents the same arguments brought previously. Defendant has not identified a "palpable defect" with the Court's prior order. Accordingly, his argument will be rejected.

**2.**

Defendant further seeks an explanation for why the Court "only granted a 'scant' 30 month reduction" to his sentence. ECF No. 467 at PageID.3513. However, the Court did provide such an explanation. It explained that 18 U.S.C. §3553(a)(3) required a sentencing court to consider the statutory mandatory maximum and minimum sentences. The Court's opinion provides:

> At the time of Defendant's original sentencing, the mandatory minimum sentence for his offense was 20 years to life. However, under the Fair Sentencing Act, his mandatory minimum sentence is now 10 years to life.

> Due to Defendant's decreased mandatory minimum sentence, the Court concludes that a reduction is warranted. Defendant's term of imprisonment will be reduced from 292 months to 262 months, and his term of supervised release will be reduced from 10 years to 8 years.

ECF No. 463 at PageID.3502.

### III.

Accordingly, it is **ORDERED** that Defendant's motion for reconsideration, ECF No. 467, is **DENIED**.


Dated: May 13, 2020                  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to Stanley Brazil #41864-039, FCI MILAN, FEDERAL CORRECTIONAL INSTITUTION, P.O. BOX 1000, MILAN, MI 48160 by first class U.S. mail on May 13, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager