UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                      Plaintiff,                            Case No. 07-20531-1

v.                                              Honorable Thomas L. Ludington

STANLEY THOMAS BRAZIL, JR.,

                      Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

On September 23, 2008, a jury convicted Defendant Stanley Thomas Brazil, Jr. of two counts of distributing or aiding and abetting the distribution of cocaine base. ECF No. 173. After contested sentencing proceedings, Defendant was sentenced to two concurrent terms of 380 months imprisonment to be followed by 10 years of supervised release. ECF No. 230. On August 11, 2017, he was resentenced to two concurrent terms of 292 months imprisonment to be followed by 10 years of supervised release. ECF No. 426. His sentence was further reduced to 262 months imprisonment and eight years of supervised release on January 31, 2020 by operation of the First Step Act of 2018. ECF No. 463. He is currently housed at Federal Correctional Institute, Milan ("FCI Milan") in Milan, Michigan.

On September 14, 2020, Defendant filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 478. Plaintiff, the United States of America (the "Government"), was directed to respond and did so on October 26, 2020. ECF No. 482. After being granted additional time to reply, Defendant, through newly retained counsel, filed a reply brief on December 1, 2020. ECF No. 488. For the reasons stated below, Defendant's Motion for Compassionate Release will be denied.

## I.

The United States is facing an unprecedented challenge with the COVID-19 pandemic.

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). In light of the threat posed by COVID-19, Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)—a form of relief often referred to as "compassionate release." Section 3582(c)(1)(A) provides,

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). Accordingly, the threshold question is exhaustion. If exhaustion is found, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for

compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at *9.

### A.

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020). Defendant submitted a written request for compassionate release to Warden Jonathan Hemingway on May 8, 2020. ECF No. 478 at PageID.3563. His request was denied on June 11, 2020. ECF No. 478 at PageID.3564. Accordingly, Defendant has exhausted his administrative remedies with the BOP.

### B.

Ordinarily, the next step would be to consider whether "extraordinary and compelling reasons" warrant a reduction of Defendant's sentence. *Jones*, 980 F.3d at 1107–08. However, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, No. 20-3654, 2021 WL 50169, at *2 (6th Cir. Jan. 6, 2021). Accordingly, this Court need not consider whether extraordinary and compelling reasons exist because, as explained below, a sentence

reduction is not warranted by the applicable factors set forth in 18 U.S.C. § 3553. The factors are

as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

> (2) the need for the sentence imposed--

>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

>> (B) to afford adequate deterrence to criminal conduct;

>> (C) to protect the public from further crimes of the defendant; and

>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

> (3) the kinds of sentences available;

> (4) the kinds of sentence and the sentencing range established for--

>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…

> (5) any pertinent policy statement…

> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). "District judges maintain an 'obligation to provide reasons' in both

sentencing-modification decisions, and traditional sentencing decisions." *Jones*, 980 F.3d at 1112.

> District courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision. But as long as the record as a whole demonstrate that the pertinent factors were taken into account by the district court, a district judge need not specifically articulate its analysis of every single § 3553(a) factor.

*Id.* at *11 (internal quotations and citations omitted). Here, the two most pertinent factors are the

"the nature and circumstances of the offense and the history and characteristics of the defendant"

and "the need for the sentence imposed." 18 U.S.C. §§ 3553(a)(1)–(2). Both weigh against a

sentence reduction.

- 4 -

As revealed in the Presentence Investigation Report ("PSR") and during sentencing, Defendant was a leader in the Sunnyside Gang, a Saginaw-based street gang involved with drug trafficking since the late 1980s. Defendant and fellow gang members were the subject of a 22-count indictment in 2007 following years of federal investigation. ECF No. 3. At trial, the jury convicted Defendant of two counts of distributing or aiding and abetting the distribution of cocaine base based on evidence that he sold over 100 grams of cocaine base to a confidential informant on two separate occasions. ECF No. 173. The testimony at sentencing, however, demonstrated that Defendant was responsible for distributing over 20 kilograms of powder cocaine and 10 kilograms of cocaine base. ECF No. 242 at PageID.1604 (sentencing transcript from April 17, 2009). He was originally sentenced to concurrent terms of 380 months for each count. ECF No. 230.

To his credit, Defendant seems to be making productive use of his time in custody. His Reply Brief explains that he works in the front lobby of the neighboring Federal Detention Center and has a work gate pass. ECF No. 488 at PageID.3870. His Reply Brief also includes several letters from family and friends supporting his early release and reentry plan. *See* ECF No. 488-1. Though commendable, Defendant's correctional progress and support network do not outweigh the damage he inflicted on his community and the "many, many users that he would have supplied." ECF No. 242 at PageID.1619.

Defendant's sentence was reduced to 262 months imprisonment by the First Step Act of 2018. ECF No. 463. He is not projected to be released until February 2027. ECF No. 482 at PageID.3620. Accordingly, despite his substantial time-served, a considerable portion of Defendant's sentence remains. Based on the foregoing, this Court finds that the remaining portion of Defendant's sentence should be served to "reflect the seriousness of the offense, to promote

respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

Defendant's Motion for Compassionate Release will be denied.

## II.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF

No. 478, is **DENIED WITH PREJUDICE**.

Dated: February 2, 2021                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Stanley Thomas Brazil, Jr** #41864-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 by first class U.S. mail on February 2, 2021.

s/Kelly Winslow
KELLY WINSLOW, Case Manager

---