UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                         Case No. 07-cr-20531-1

v.                                        Honorable Thomas L. Ludington
                                                United States District Judge
STANLEY THOMAS BRAZIL, JR.,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RESENTENCING AND
DEFENDANT'S SUPPLEMENTAL MOTION**

This matter is before this Court upon Defendant Stanley Thomas Brazil, Jr.'s Motion for Re-Sentencing and Supplemental Motion. ECF Nos. 501; 502. For the reasons stated below, Defendant's Motions will be denied.

**I.**

In September 2008, a jury found Defendant Stanley Thomas Brazil, Jr. guilty of two counts of distribution of 50 grams or more of cocaine base, 21 U.S.C. §§ 2, 841(a)(1), (b)(1)(A)(iii). ECF No. 173. This Court held a sentencing hearing and determined that Defendant was responsible for 20.1 kilograms of powder cocaine and 12.2 kilograms of cocaine base. *United States v. Brazil*, 395 F. App'x 205, 213 (6th Cir. 2010) (unpublished). Defendant's base offense level was 38 with a two-point enhancement due to his leadership role in the offense, bringing his total offense level to 40. PSR ¶ 39. Defendant's criminal history category was III. PSR ¶ 59. Accordingly, his sentencing-guideline range was 360 months' to life imprisonment.

In April 2009, Defendant was sentenced to 380 months' imprisonment on each count to run concurrently, followed by ten years of supervised release on each count to run concurrently.

ECF No. 230 at PageID.982–83. In 2015, Defendant filed a motion for a sentence reduction, ECF No. 384, which was denied, ECF No. 399. He successfully appealed his sentence, *see* ECF No. 416, and then under 18 U.S.C. § 3582(c)(2) and Sentencing Guidelines Amendment 750 his sentence was reduced to 292 months' incarceration on each count to run concurrently, followed by ten years of supervised release on each count to run concurrently, ECF No. 426.

In January 2019, Defendant filed a motion for a sentence reduction under § 404 of the First Step Act of 2018 ("1SA"), ECF No. 434, which was granted in part one year later, reducing his sentence to 262 months' incarceration, followed by eight years of supervised release. *United States v. Brazil*, No. 07-CR-20531-1, 2020 WL 515912 (E.D. Mich. Jan. 31, 2020). He filed a motion for reconsideration, ECF No. 467, which was denied, *United States v. Brazil*, No. 07-CR-20531-1, 2020 WL 2467201 (E.D. Mich. May 13, 2020). He appealed again, *see* ECF No. 465, and the Sixth Circuit affirmed the denial, *see United States v. Brazil*, No. 20-1120, 2020 WL 8511716 (6th Cir. July 28, 2020) (unpublished).

Defendant then filed an emergency motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in September 2020, ECF No. 478, which was denied in February 2021, *United States v. Brazil*, No. 07-CR-20531-1, 2021 WL 352106 (E.D. Mich. Feb. 2, 2021). Defendant appealed that order too, *see* ECF No. 493, but the Sixth Circuit again affirmed, *United States v. Brazil*, No. 21-1227, 2021 WL 3929024 (6th Cir. Aug. 26, 2021).

On August 2, 2022, Defendant filed a "Motion for Re-Sentencing Pursuant to the Holding In Concepcion v. United States, _ 2022 LEXIS 3070 (June 29, 2022)." ECF No. 501 at PageID.3972; *see also Concepcion v. United States*, 142 S. Ct. 2389 (2022). Defendant asserts he "filed a First Step Act motion and argued intervening change in law, however, the Court, contrary to the holding in *Concepcion*, rebuffed his arguments." *Id.* at PageID.3793 (cleaned up).

Twenty-seven days later, he filed a "SupplEmEntAl Motion To ThE REcEnt ConcEpcion Motion FilEd," requesting that his supervised release be reduced to four years "in Accord with Section 841(b)(1)(B) without a prior," arguing that "the First Step Act (Section 403(c)) is intervening law and the Court can rule on the argument." ECF No. 502 at PageID.3977 (cleaned up).

## II.

### A.

Section 404 of the 1SA "gives federal courts discretion to reduce sentences resulting from pre-FSA violations of 21 U.S.C. §§ 841(b)(1)(A) and (B) [and post-FSA violations of 21 U.S.C. §§ 960(b) and 844(a)] as if the FSA modifications applied." *United States v. Montgomery*, No. 1:04-CR-20046-6, 2021 WL 4704832, at *3 & n.14 (E.D. Mich. Oct. 8, 2021).

But § 404(c) of the 1SA prohibits successive motions as follows:

> LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act of 2018, § 404(c), Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018); *see also Concepcion v. United States*, 142 S. Ct. 2389, 2401 (2022) (recognizing § 404(c)'s "two explicit limitations on available relief" for successive motions filed under § 404 of the 1SA).

### B.

Defendant's Motion for Re-sentencing apparently requests that this Court reconsider the arguments that he made in his January 2019 motion for a sentence reduction under 1SA. *Compare* ECF No. 501 ("Mr. Brazil filed a First Step Act motion and argued intervening change in law,

however, the Court, contrary to the holding in *Concepcion*, rebuffed his arguments." (cleaned up)), *with* ECF No. 434 at PageID.3365 ("The First Step Act of 2018 interpreting Section 2 and 3 of the Fair Sentencing Act of 2010 and the rule of law articulated in <u>Blakely</u>, <u>Cunningham</u>, <u>Alleyne</u> & <u>Wilson</u>, <u>supra</u> at 404, the Court should exercise its discretion and jurisdiction under Section 404 of the First Step Act of 2018 or pursuant to § 3582(c)(2) and reduce Mr. Brazil's sentence accordingly.").

But this Court has already reduced Defendant's sentence under § 404 of the 1SA. *See United States v. Brazil*, No. 07-CR-20531-1, 2020 WL 515912, at *6 (E.D. Mich. Jan. 31, 2020) (reducing Defendant's sentence "[d]ue to" his "decreased mandatory minimum sentence" "under the [FSA]"). Therefore, under the edict of Congress, "[n]o court shall entertain" Defendant's successive § 404 motions. § 404(c), 132 Stat. at 5222. Accordingly, Defendant's August 2022 motion for resentencing and corresponding supplemental motion must be denied.

Even if the 1SA did not bar Defendant's motions, they lack merit because Defendant's January 2020 resentencing complied with *Concepcion*. *See* ECF Nos. 463; 464. The *Concepcion* Court held that district courts must consider yet need not apply intervening changes of law when resentencing a defendant under the 1SA—not that a district court must apply intervening changes. *Concepcion v. United States*, 142 S. Ct. 2389, 2396, 2405 (2022) ("All that is required is for a district court to demonstrate that it has considered the arguments before it."). That is exactly what this Court did. *United States v. Brazil*, No. 07-CR-20531-1, 2020 WL 515912, at *3–5 (E.D. Mich. Jan. 31, 2020) (considering yet declining to apply § 401 retroactively).

For these reasons, Defendant's Motion for Re-sentencing and Supplemental Motion will be denied.

- 5 -

## III.

Accordingly, it is **ORDERED** that Defendant's Motion for Re-Sentencing, ECF No. 501, is **DENIED**.

Further, it is **ORDERED** that Defendant's Supplemental Motion, ECF No. 502, is **DENIED**.

Dated: August 31, 2022          s/Thomas L. Ludington
                                THOMAS L. LUDINGTON
                                United States District Judge